IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TONY BANKS,<br>    Plaintiff,<br><br> vs.<br><br><br><br>NATE HARPER, Chief of Police;<br>OFFICER FREEMAN (P.O.D.); OFFICER<br>SMELTZ (P.P.D.); SGT. ZETT (P.O. D.);<br>OFFICER GORECKI (P.P.D.); OFFICER<br>MARTIN (P.P.D.); OFFICER SLATCOFF<br>(P.P.D.); OFFICER WILLIS (P.P.D.);<br>OFFICER HANLEY (P.P.D.); OFFICER<br>LINCOLN (P.P.D.); OFFICER ROSATO<br>(P.P.D.),<br>    Defendants. | Civil Action No. 12-1850<br><br>Judge Cathy Bissoon<br>Magistrate Judge Maureen P. Kelly |

## REPORT AND RECOMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Complaint filed in the above-captioned case, ECF No. 3, be dismissed for failure to prosecute.

### II. REPORT

Plaintiff has filed a civil rights complaint alleging claims for malicious prosecution, conspiracy and the alleged use of excessive force in the course of his arrest by City of Pittsburgh police officers on January 12, 2012. Upon resolution of Defendants' Motion to Dismiss, Plaintiff's Fourth Amendment excessive force claims remain against Defendants Freeman, Smeltz, Gorecki, Martin, Slatcoff, Willis, Hanley Lincoln, Rosato and Sergeant Zett. Accordingly, on January 17, 2014, the remaining Defendants were ordered to file their Answer

to Plaintiff's Complaint no later than January 31, 2014. As reflected in the docket of this matter, a copy of the Order was mailed to Plaintiff at his address of record at the Allegheny County Jail, but the Order was returned to the Court on February 4, 2014. As indicated on the envelope by staff at the Allegheny County Jail, Plaintiff was "Gone" and "released to JRS Aug 2013."

On February 4, 2014, this Court issued an Order directing Plaintiff to file a Notice of Change of Address by February 25, 2014. The Order was mailed to Plaintiff at the Allegheny County Jail and to "Tony Banks" housed at the State Corrections Institution at Albion ("SCI – Albion"). [ECF No. 42]. On February 12, 2014, Plaintiff's copy of the Order was returned by the Allegheny County Jail, indicating Plaintiff was "not at ACJ." An Order to Show Cause was issued on March 3, 2014, returnable on March 17, 2014, requiring Plaintiff to show cause why this action should not be dismissed for Plaintiff's failure to advise the Court of his current address in compliance with the Order dated February 4, 2014. [ECF No. 43]. This Order was mailed to Plaintiff at both the Allegheny County Jail and SCI-Albion. However, the copy mailed to the Allegheny County Jail was returned on March 6, 2014, and the copy mailed to SCI – Albion was returned on March 11, 2017, with the notation that the "Tony Banks" incarcerated the SCI – Albion facility is not the Tony Banks who filed this action. In any event, to date, Plaintiff has failed to respond or given any other indication that he wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

    (1)     The extent of the party's personal responsibility.

> (2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.
>
> (3) A history of dilatoriness.
>
> (4) Whether the conduct of the party or the attorney was willful or in bad faith.
>
> (5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.
>
> (6) The meritoriousness of the claim or defense.

Consideration of these factors suggests that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's orders and failure to notify the Court of his change of address so that the case could proceed which weigh heavily against him. Plaintiff's failure to notify the Court of his change of address and failure to respond to the Court's orders was not only solely his personal responsibility but his failure to do so weeks later appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's orders -- other than the expense of filing a motion seeking dismissal of the case and an Answer, there appears to be no specific prejudice to Defendants other than general delay. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against Plaintiff as it is too early in the litigation to assess the merits of Plaintiff's claims. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since Plaintiff filed this action without the payment of the required filing fee, it does not appear that monetary sanctions are appropriate. Moreover, Plaintiff's failure to comply with the Court's orders, which has prevented this case from proceeding, indicates that Plaintiff has no serious interest in pursuing this case. It therefore appears that dismissal is the most appropriate action for the Court to take. Mindek v. Rigatti, 964 F.2d at 1373. Accordingly, it is respectfully

recommended that the Complaint filed in the above-captioned case be dismissed for failure to prosecute.

In accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(1)(B) & (C), and Local Rule 72D.2, Plaintiff is permitted to file written objections and responses thereto no later than April 4, 2014.  Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to timely file objections will constitute a waiver of any appellate rights.  Siers v. Morrash, 700 F.3d 113, 116 (3d Cir. 1983).  See Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).   Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                Respectfully submitted,

                /s/Maureen P. Kelly
                United States Magistrate Judge

Dated: March 18, 2014

cc:    The Honorable Cathy Bissoon
       United States District Judge

       All counsel of record by Notice of Electronic Filing

       Tony Banks
       #94417
       Allegheny County Jail
       950 Second Avenue
       Pittsburgh, PA 15219